UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FIRST BANK AND TRUST** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-1140** |
| **LISA WILLIAMS JONES, ET AL** | **SECTION "K"(3)** |

## ORDER AND REASONS

Before the Court is Plaintiff First Bank and Trust's ("First Bank") Motion to Remand (R. Doc. 6) the instant action removed by Defendant, Lisa Williams Jones ("Ms. Jones"), and Ms. Jones' Motion and Order for Dismissal Without Prejudice (R. Doc. 10). Considering the motions, memoranda, pleadings, and relevant law, the Court hereby GRANTS the motion for remand and DENIES the motion for dismissal for the reasons assigned.

### I. BACKGROUND

First Bank filed a Petition for Executory Process in the Civil District Court for the Parish of Orleans on February 13, 2012, seeking to enforce a multiple indebtedness mortgage encumbering property owned by Lisa Williams Jones a/k/a Lisa W. Jones Clark, Rudolph C. Smith, and Kari Gray-Smith a/k/a Kari Gray Smith in indivision. (R. Doc. 1, 1). The court signed an order of executory process on February 13, 2012,[1] and the Clerk of Court for the Civil District Court issues a writ of seizure and sale to the Sheriff for the Parish of Orleans. (R. Doc. 6, Ex. A, 8). The court ordered an attorney represent the three non-resident defendants. (R. Doc. 6, 2).

First Bank then filed a Supplemental and Amending Petition for Executory Process on March 30, 2012, and a new order of executory process was signed on that date. (R. Doc. 6, Ex. B 1-4). The attorney communicated with all three defendants and filed a notice of evidence into

---

[1] Erroneously stated to be 2013 in Plaintiff's memorandum. Plaintiff also erroneously stated the date for the TRO filed by Mr. and Mrs. Smith.

1

the record describing his actions. (R. Doc. 6, Ex. C). The property was seized and sold on June 14, 2012 with benefit of appraisal. (R. Doc. 6, Ex. H).

Thereafter, First Bank filed a Supplemental Petition for Deficiency Judgment, seeking the remainder of the sum owed after sale of the property, against the original three defendants and PLC Development and Consulting, L.L.C., a Louisiana limited liability company which executed a continuing guaranty of the indebtedness. All four defendants were served with process. On March 27, 2013, the Constable of Fort Bend County, Texas personally served Ms. Jones on Mary 27, 2013. (R. Doc. 1, Ex. 4, 10).

The state court entered a preliminary default on May 13, 2013 against Ms. Jones and entered a preliminary default against the Smiths on August 6, 2013. (R. Doc. 6). On August 27, 2013, the state court judge entered judgment by default against all four defendants. (R. Doc. 1, Ex. 3, 10). Notice of that judgment was mailed to each defendant on September 6, 2013. (R. Doc. 6, Ex L). No party appealed the judgment, and the judgment is now definitive under Louisiana Revised Statutes 13:4231.

First Bank sought to make the judgment executory in Texas by filing pleadings in the District Court of Harris County, Texas. Ms. Jones removed that proceeding to the United States District Court for the Southern District of Texas, where it remains. On May 19, 2014 Ms. Jones removed the proceeding in the Civil District Court for the Parish of Orleans. First Bank then filed its Motion to Remand.

After several failed attempts to file a Complaint or Counterclaim in this action, Ms. Jones has now filed a new action with the Eastern District, Civil Docket Number 14-1808, seeking the same relief mentioned in her notice of removal and opposition to First Bank's motion to remand.

On August 12, 2014, Ms. Jones filed a Motion to Dismiss the instant action without prejudice, stating that "[t]his court lacks jurisdiction over this matter." (R. Doc. 10).

## II. LEGAL STANDARD

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a) (2011). District courts have original jurisdiction over civil actions where "the amount in controversy exceeds $75,000 and there is diversity between all parties." *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir.1999) (citing 28 U.S.C. § 1332). "Absent diversity of citizenship, federal-question jurisdiction is required." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987).

The defendant, the removing party, "bear[s] the burden of showing that federal jurisdiction exists" *De Aguilar v. Boeing Co.* 47 F.3d 1404, 1408 (5th Cir.1995). The Court considers jurisdictional facts as they exist "at the time of removal." *Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 264 (5th Cir.1995). However, "diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996); *Teal Energy USA, Inc. v. GT, Inc.,* 369 F.3d 873, 876 n. 5 (5th Cir.2004). "Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service." *New York Life Ins. Co. v. Deshotel,* 142 F.3d 873, 883 (5th Cir.1998). Further, a case removed based on diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441. As to diversity, "[i]n making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence." *Coury*, 85 F.3d

at 249; *see Menendez,* 364 F. App'x at 67-68.  Though the court must examine citizenship at the time the lawsuit is commenced for purposes of determining whether diversity jurisdiction exists, a plaintiff may later join a non-diverse defendant, which would defeat diversity and prevent removal.  *See* 28 U.S.C. § 1447(c).  In that case, a defendant may remove the case only if it can show that the non-diverse party was improperly joined. *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir.2004) (en banc).

The "well-pleaded complaint rule" governs the presence or absence of federal-question jurisdiction, "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318.  Counterclaims and federal defenses are not "capable of opening a federal court's door" and do not establish federal question jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 66-67, 129 S. Ct. 1262, 1276, 173 L. Ed. 2d 206 (2009); *Holmes Group, Inc. v. Vornado Air Circ. Sys., Inc.,* 535 U.S. 826, 831 (2002).

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts," 28 U.S.C. § 1653, and courts may grant the defendant the opportunity to "cure defective allegations of jurisdiction ... including the failure to specifically allege the citizenship of parties." *Menendez v. Wal–Mart Stores, Inc.*, 364 F. App'x 62, 66 (5th Cir.2010) (citations omitted).  Though section 1653 should be liberally construed, "it is also true that the party wishing to cure defective allegations cannot engage in 'bad faith or undue delay.'" *Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 n.5 (5th Cir. 1988) n.5 (citing *Miller v. Stanmore,* 636 F.2d 986, 990 (5th Cir.1981)); *see Rios v. Mall of Louisiana*,13-CV-00740-BAJ, 2014 WL 2207985 (M.D. La. May 28, 2014) (holding that remand was appropriate where defendant failed to set forth its own citizenship five months after removal).

4

The lack of subject matter jurisdiction may be raised at any time during pendency of the case by any party or by the court, Fed. R. Civ. P. 12(h)(3), and the removal statute specifically provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded," 28 U.S.C. § 1447(c) (2011).

In addition to meeting jurisdictional requirements, a removing defendant must also meet procedural requirements as set forth in the Federal Rules of Civil Procedure. In order to remove a civil action, the defendant must file a notice of removal within thirty days after receipt of a copy of the initial pleading "or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. 28 U.S.C. § 1446(b)(1). Where more than one defendant exists, this time period begins for "[e]ach defendant" when "that defendant" receives by service a copy of the pleading or summons.  28 U.S.C. § 1446(B). Failure to file within this time period is a procedural defect warranting remand. *In re Shell Oil Co.,* 932 F.2d 1518, 1522 (5th Cir.1991); *Sea Robin Pipeline Co. v. New Medico Head Clinic Facility,* 1994 WL 673413, at *1 (E.D.La. Dec.2, 1994); *Howard v. Nw. Airlines, Inc.,* 793 F.Supp. 129, 131 (S.D.Tex.1992).

If the matter was initially not removable, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C.A. § 1446(b)(3).  However, where a suit was not initially removable on the face of the initial pleadings and removal is based on diversity of citizenship only, the suit "may not be removed . . . more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1); *New York Life Ins. Co. v.*

*Deshotel,* 142 F.3d 873, 886 (5th Cir.1998); *see also Johnson v. Heublein Inc.,* 227 F.3d 236, 241 (5th Cir.2000).

When removing an action, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). If consent of all served defendants is not timely obtained, the removal is procedurally defective. *Doe v. Kerwood,* 969 F.2d 165, 167–69 (5th Cir.1992). Each served defendant must provide "some timely filed written indication" of consent on which the court could "bind the allegedly consenting defendant." *Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. America,* 841 F.2d 1255, 1262 (5th Cir.1988). "Courts have recognized that this formalistic approach can lead to harsh and sometimes unpalatable results; even still, remand is required." *Battley v. Nat'l Specialty Ins. Co.,* CIV.A. 13-447-BAJ, 2014 WL 972066 (M.D. La. Mar. 12, 2014)(citation and internal quotation marks omitted).

Finally, "[b]ecause removal raises significant federalism concerns, the removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *Gutierrez v. Flores,* 543 F.3d 248, 251 (5th Cir. 2008) (internal quotation and citation omitted); *Harrold v. Liberty Ins. Underwriters, Inc.,* 2014 WL 688984, at *2 (M.D.La. Feb.20, 2014).

### III. DISCUSSION

As an initial matter, although Ms. Jones acknowledged that this Court lacks jurisdiction over this action in her recent motion to dismiss, the relief she requests requires the very jurisdiction she states this Court lacks. Thus, the Court turns to the merits of the motion to remand in determining whether it has jurisdiction.

While Ms. Jones concedes that the Court lacks jurisdiction, she does not overtly state the reason; instead, she reiterates that "First Bank and Trust a Louisiana Corporation alleges that [there is a lack of diversity between parties] and Defendant, PLC Development and Consulting, LLC is a Louisiana Corporation." (R. Doc. 10).  From a review of the record and of the relevant law, it is apparent that Ms. Jones has not followed the procedural requirements of removal much less established that this Court has jurisdiction over the matter.  The Court also questions whether (i) the final judgment in this matter renders the case non-removable as it appears that only the execution of that judgment remains unresolved in the case, and (ii) whether the *Rooker-Feldman* doctrine bars any federal court from addressing Ms. Jones' claims as presented in a new suit.  Nevertheless, the Court need not address these issues.

By failing to plead the citizenship of all defendants, Ms. Jones has failed to establish that complete diversity exists in this matter.  Ms. Jones presumably will not be able to establish that complete diversity exists in this case, based on the citizenship of PLC Development and Consulting, LLC, as she indicates in her recent motion to dismiss.  Additionally, neither the face of the petition for executory process nor the petition for deficiency judgment evidence a federal claim such that jurisdiction exists under 28 U.S.C. § 1331.

Notwithstanding jurisdiction, several procedural defects in removal warrant removal in this case.  Ms. Jones failed to file the Notice of Removal within 30 days of service of the petition for deficiency judgment; she failed to remove the suit within one year of the institution of the action, either from the date the petition for executory process was filed or from the date the petition for deficiency judgment was filed; and she failed to obtain the consent of any other named defendant.

7

In sum, this matter was improperly removed and the Court lacks jurisdiction over this matter. Therefore, the Court cannot grant the relief requested by Ms. Jones' motion to dismiss and must remand the matter to state court.

Accordingly,

**IT IS ORDERED** that First Bank and Trust's Motion to Remand (R. Doc. 6) is hereby **GRANTED** and the matter is hereby **REMANDED** to the Civil District Court for the Parish of Orleans.

**IT IS FURTHER ORDERED** that Lisa Williams Jones' Motion and Order for Dismissal Without Prejudice (R. Doc. 10) is hereby **DENIED** as moot as this Court lacks jurisdiction to address its merits**.**

New Orleans, Louisiana, this 13th day of August, 2014.

_____
**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT JUDGE**